UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

STEPHAN S.,

                Plaintiff,

  v.                                        5:23-CV-102
                                                    (BKS/DJS)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

**APPEARANCES:**                              **OF COUNSEL:**

OLINSKY LAW GROUP              HOWARD D. OLINSKY, ESQ.
Attorney for Plaintiff
250 South Clinton Street - Suite 210
Syracuse, New York 13202

U.S. SOCIAL SECURITY ADMIN.     VERNON NORWOOD, ESQ.
OFFICE OF THE GENERAL COUNSEL
Attorney for Defendant
6401 Security Boulevard
Baltimore, Maryland 21235

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER[1]

     Plaintiff brought this action pursuant to 42 U.S.C. § 405(g), seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled. Dkt. No. 1. Currently before the Court are Plaintiff's and Defendant's respective Motions

---

[1] This matter was referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

for Judgment on the Pleadings. Dkt. Nos. 14, 18, & 19. For the reasons that follow, it is recommended that Plaintiff's Motion be granted and Defendant's Motion be denied.

## I. BACKGROUND

### A. Factual Background

Plaintiff was born in 1963, has past work experience in the truck driving industry, and has a high school education. Dkt. No. 9, Admin. Tr. ("Tr."), pp. 48-59, 92. Plaintiff alleges disability due to anxiety, depression, attention deficit/hyperactivity disorder, schizophrenia, emphysema, fecal incontinence, and substance abuse. Tr. at pp. 51-56, 92-96. In September 2017, Plaintiff applied for a period of disability and disability insurance benefits. Tr. at pp. 160-163. Plaintiff's applications were denied, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at pp. 107-113. Plaintiff subsequently appeared and testified at a hearing before ALJ Kenneth Theurer on April 22, 2019. Tr. at pp. 41-86. On June 11, 2019, ALJ Theurer issued a written decision finding Plaintiff was not disabled under the Social Security Act. Tr. at pp. 13-29. On June 15, 2020, the Appeals Council denied Plaintiff's request for review. Tr. at pp. 1-4. Plaintiff then sought judicial review in this District, which resulted in the ALJ's decision being reversed and remanded to the Commissioner. Tr. at pp. 1724-1726. After a second hearing, ALJ Theurer again issued an unfavorable decision finding Plaintiff was not disabled. Tr. at pp. 1638-1660, 1667-1687.

## B. The ALJ's Decision

In his most recent decision, the ALJ first found that Plaintiff met the insured status requirements of the Social Security Act on December 31, 2017. Tr. at p. 1641. Second, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since July 1, 2012, the alleged disability onset date. Tr. at p. 1641. Third, the ALJ found that Plaintiff had the following severe impairments: fecal incontinence with a history of sphincter surgeries, chronic obstructive pulmonary disease, schizoaffective disorder, anxiety, attention deficit hyperactivity disorder, and substance abuse. Tr. at p. 1641. Fourth, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1. Tr. at p. 1642. Fifth, the ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform "less than the full range of medium work" with the following limitations:

> [H]e can lift and carry up to 50 pounds occasionally, lift or carry up to 25 pounds frequently in medium work as defined by the regulations; stand or walk for approximately 6 hours and sit for up to 6 hours in an 8 hour day with normal breaks; occasionally climb ramps or stairs; never climb ladders, ropes or scaffolds; frequently balance, stoop, kneel, and crouch; occasionally crawl; should avoid concentrated exposure to smoke, dust, and respiratory irritants; should have access to a bathroom in a nearby vicinity; retains the ability to understand and follow simple instructions and directions; perform simple tasks with supervision and independently; maintain attention/concentration for simple tasks; regularly attend to a routine and maintain a schedule; he can relate to and interact with coworkers an supervisors to the extent necessary to carry out simple tasks-i.e., he can ask for help when needed, handle conflicts with others, state his own point of view, initiate or sustain a conversation and understand and respond to physical, verbal and emotional social cues but he should avoid

> work requiring more complex interaction or joint efforts with coworkers to achieve work goals; should have no more than occasional contact with coworkers and supervisors and should have no more than incidental contact with the public; and can handle reasonable levels of simple work-related stress in that he can make occasional simple decisions directly related to the completion of his tasks in a stable, unchanging work environment. I define incidental as more than never and less than occasional, simply the job should not involve direct interaction with the public but the claimant does not need to be isolated away from the public.

Tr. at p. 1644.

Next, the ALJ found that Plaintiff was unable to perform any past relevant work, fell into the "closely approaching advanced age" category, and had at least a high school education. Tr. at p. 1659. The ALJ then found that job skill transferability was a non-issue because Plaintiff was not disabled irrespective of whether he had transferable job skills. Tr. at p. 1659. Based on Plaintiff's age, education, work experience, and RFC, the ALJ determined that Plaintiff could perform several jobs existing in "significant numbers in the national economy," including hand packer, hand launderer, and linen room attendant. Tr. at pp. 1659-1660. Finally, the ALJ concluded that Plaintiff was not disabled as defined in the Act. Tr. at p. 1660.

## II.  RELEVANT LEGAL STANDARDS

### A.  Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it

was not supported by substantial evidence. *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 141-42 (1987). The five-step process asks:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity

5

> of the specified impairments in the Listing of Impairments; (4) based on a "residual functional capacity" assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson*, 540 U.S. 20, 24 (2003).

### III. ANALYSIS

Plaintiff alleges the ALJ's RFC finding is not supported by substantial evidence and urges the Court to direct a finding of disability. Dkt. No. 14, Pl.'s Mem. of Law at pp. 12-20. Meanwhile, Defendant asserts that the ALJ's analysis and ultimate decision are both supported by substantial evidence. Dkt. No. 18, Def.'s Mem. of Law at pp. 8-15.

#### A. RFC Finding

##### 1. Additional Limitations

ALJ Theurer's RFC finding did not properly assess additional limitations. Although an ALJ is not required to "reconcile explicitly every conflicting shred of medical testimony," the ALJ must form a logical connection between the evidence considered and his conclusion. *Fiorello v. Heckler*, 725 F.2d 174, 176 (2d Cir. 1983); *Richardson v. Perales*, 402 U.S. at 401. To do so, an ALJ must consider implications stemming from imposed RFC limitations. *See Dunsford v. Comm'r of Soc. Sec.*, 2023

WL 2242083, at *8 (N.D.N.Y. Feb. 27, 2023). For example, a limitation requiring bathroom access necessitates determining whether such access would render the claimant off task or absent from work. *See id.* (remanding where "the ALJ's RFC [finding] omit[ted] the allowance for unscheduled bathroom breaks, and merely provide[d] for Plaintiff's 'access' to a bathroom"); *Clare W. v. Kijakazi*, 2023 WL 3944913, at *4 (N.D.N.Y. June 12, 2023) (remanding where ALJ limited plaintiff to unskilled jobs without addressing whether her need for immediate bathroom access would cause her to be off task); *Lowe v. Colvin*, 2016 WL 624922, at *6 (W.D.N.Y. Feb. 17, 2016) (remanding where ALJ found that plaintiff would need ready bathroom access without making specific findings regarding the frequency or duration of plaintiff's necessary visits to the bathroom).

Here, ALJ Theurer determined that Plaintiff "should have access to a bathroom in a nearby vicinity." Tr. at p. 1644. The imposed limitation is supported by substantial evidence. Namely, the ALJ considered Plaintiff's testimony and various treatment notes regarding Plaintiff's fecal incontinence. Tr. at pp. 51-52, 258, 262, 267, 1934. However, the ALJ did not consider whether Plaintiff's bathroom use would render him off task or absent from work. Tr. at pp. 13-29, 1638-1660. At Plaintiff's first hearing, the ALJ questioned a vocational expert:

> Q: What's [the] employer tolerance for off task behavior?
>
> A: Most employers will tolerate ten percent off task [but] will not tolerate 20 percent off task. . . . [I]f an individual is off task 15 percent of the time

> I believe there would be at least a 50 percent erosion of jobs such an individual would be able maintain.
>
> Q: All right. If somebody were taking unscheduled bathroom breaks would that be considered off task?
>
> A: No, Your Honor, but I think it would depend on the frequency and the length of time.

Tr. at pp. 81-82. Despite being made aware that the frequency and length of Plaintiff's bathroom use could render him "off task" and thereby impact his employability, neither of the ALJ's decisions adequately discussed this issue.

The ALJ erred in not explicitly considering the implications stemming from the imposed bathroom access limitation. That being so, the Court recommends remand. On remand, the ALJ should make specific findings regarding the frequency and duration of Plaintiff's bathroom use and whether Plaintiff may be rendered off task.

### 2. *Limitation Regarding Plaintiff's Hygiene*

Plaintiff argues that the ALJ also erred in not providing a "limitation in the RFC concerning Plaintiff's hygiene and grooming issues." Pl.'s Mem. of Law at p. 17. The Court disagrees. Failure to impose certain limitations without explanation may warrant remand. *See, e.g.*, *Herb v. Comm'r of Soc. Sec.*, 366 F. Supp. 3d 441, 447-48 (W.D.N.Y. 2019). However, where a decision remains supported by substantial evidence, the error is harmless and does not require remand. *See, e.g.*, *Salmini v. Comm'r of Soc. Sec.*, 371 F. App'x 109, 112 (2d Cir. 2010) (quoting *Berry v. Schweiker*, 675 F.2d 464, 469 (2d Cir. 1982)) ("[T]he absence of an express rationale for an ALJ's conclusions does not

prevent [a court] from upholding them so long as [the court is] 'able to look to other portions of the ALJ's decision and to clearly credible evidence in finding that his determination was supported by substantial evidence.'").

Here, the ALJ's decision on this distinct issue remains supported by substantial evidence. Plaintiff himself reported that his condition does not impact his ability to bathe or groom. Tr. at p. 185. Similarly, notes from Dr. Lorensen, Trisha Turner, LPN, and Dr. Caldwell all support a finding that Plaintiff can properly maintain appropriate hygiene. Tr. at pp. 259, 309, 1117. Contrarily, Dr. Grassl and Dr. Shapiro opined that Plaintiff is limited in his ability to maintain appropriate hygiene. Tr. at pp. 264, 1917. ALJ Theurer found both opinions unpersuasive as inconsistent with the record as a whole. Tr. at pp. 1656, 1658. In doing so, ALJ Theurer properly emphasized Plaintiff's self-reported activities of daily living. *See Ewing v. Comm'r of Soc. Sec.*, 2018 WL 6060484, at *5 (W.D.N.Y. Nov. 20, 2018) ("Indeed, the Commissioner's regulations expressly identify 'daily activities' as a factor the ALJ should consider in evaluating the intensity and persistence of a claimant's symptoms.").

Remand on this ground is not recommended.

### B. Plaintiff's Request for a Directed Finding of Disability

The Court declines to recommend a directed finding of disability because it is unclear whether Plaintiff is disabled under the Act. The Court may reverse a final decision of the Commissioner with or without remand. 42 U.S.C. § 405(g). Even so, "remand for calculation of benefits is an exceptional remedy." *Diana C. v. Comm'r of*

9

*Soc. Sec.*, 2022 WL 1912397, at *10 (S.D.N.Y. Apr. 11, 2022). There must be "persuasive proof of disability" such that "no purpose would be served" by additional proceedings. *Id.* (quoting *Curry v. Apfel*, 209 F.3d 117, 124 (2d Cir. 2000)); *see also Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980). Remand for calculation of benefits is especially appropriate where persuasive proof of disability is coupled with substantial delay in adjudicating the matter. *See, e.g.*, *Marcano v. Comm'r of Soc. Sec.*, 2021 WL 5315703, at *22-23 (S.D.N.Y. Nov. 16, 2021) (remanding for calculation of benefits where there was persuasive proof of disability, over eight years had passed since plaintiff filed his application for benefits, plaintiff testified at three hearings, and the district court had twice remanded the case).

Here, the record lacks persuasive proof of disability. First, Plaintiff's self-completed function report suggests that he is functioning normally. Therein, he wrote that he leaves his home six days a week and could dress, bathe, groom, cook, clean, shop, manage money, and socialize without assistance. Tr. at pp. 185-188. He also raised concerns regarding his fecal incontinence. Tr. at p. 189. However, Plaintiff receives 240 adult diapers per month and stated that he "could change [his diaper] any time [he] want[s]." Tr. at p. 72. Various treatment notes also make it unclear whether Plaintiff may be considered disabled under the Act. For example, Dr. Lorensen determined that Plaintiff was in stable condition, had "no gross physical limitations," and need only avoid respiratory irritants—a limitation accounted for in the ALJ's RFC finding. Tr. at pp. 261, 1644. On the other hand, Dr. DiMarzo opined that Plaintiff was

10

unable to meet competitive employment standards due to Plaintiff's mental health. Tr. at pp. 1295-1297.

Although over six years have passed since Plaintiff applied for benefits, the absence of persuasive proof of disability precludes remand for calculation of benefits. Additionally, this case, unlike *Marcano*, has only been remanded once. Accordingly, the delay here, though substantial, does not warrant a directed finding of disability. Consequently, the Court recommends remand.

### IV. CONCLUSION

**ACCORDINGLY**, it is

**RECOMMENDED**, that Plaintiff's Motion for Judgment on the Pleadings be **GRANTED**; and it is further

**RECOMMENDED**, that Defendant's Motion for Judgment on the Pleadings be **DENIED**; and it is further

**RECOMMENDED**, that Defendant's decision denying Plaintiff disability benefits be **REMANDED pursuant to sentence four** for further proceedings; and it is further

**ORDERED,** that the Clerk of the Court shall serve copies of this Report-Recommendation and Order on the parties.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN**

**FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: February 1, 2024
       Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge